# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1573V
UNPUBLISHED

| | |
|---|---|
| FRED ALLISON,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2025 |

*Sean F. Greenwood*, The Greenwood Law Firm, Houston, TX, *for Petitioner.*

*Nina Ren*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### DECISION DISMISSING PETITION[1]

On October 21, 2022, Fred Allison filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered a shoulder injury related to vaccine administration as a result of receiving influenza and pneumonia vaccines on October 21, 2019. Petition at 1.

This matter was assigned to the "Special Processing Unit" based on the initial presumption that it presented issues that were likely to be resolved expeditiously. On January 26, 2023, I issued an Activation and Reassignment Order addressing the basis for Petitioner's vaccine injury claim. (ECF No. 10). I noted that Petitioner alleged an injury based in part on the pneumococcal polysaccharide vaccine, which is not included on the Vaccine Injury Table, and hence not a basis for a claim. On February 2, 2023, I issued a

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

scheduling order requiring Petitioner to file a supplemental affidavit and an Amended Petition detailing the vaccine in question and the alleged injury. (ECF No. 12).

Petitioner filed two motions for extension of time to file the ordered documentation, on March 27, 2023, and April 24, 2023. In between these two motions, Petitioner also filed a motion to withdraw as counsel on April 6, 2023. Finally, Petitioner filed a status report on June 15, 2023, the last filing made by a party in this case to date. In this status report, counsel for Petitioner indicates that "[t]he facts of the case do not support my filing an amended petitioner that meets the necessary criteria. I do not have a reasonable basis to prepare the amended petition. I have attempted communicating my intent to withdraw with my client but he has become unresponsive and is withholding his participation in his case." (ECF No. 17).

On October 1, 2024, I ordered Petitioner to show cause why his claim should not be dismissed, and to file any records supporting his claim and bearing on the aforementioned issues. (ECF No. 21). The Order also indicated that "failure to respond to this order would be interpreted as either an inability to provide supporting documentation for this claim or as a failure to prosecute and the claim may be dismissed." *Id.* Petitioner was given until October 31, 2024, to make this showing. However, Petitioner did not file anything.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my October 2024 Order that if documentation was not provided by October 31, 2024, his claim would be dismissed. But Petitioner did not make the required filing. This is not surprising, as Petitioner's Counsel had previously noted that he could not contact Petitioner despite due effort. Nor does it appear that

counsel was able to communicate with Petitioner following the issuance of the Show Cause Order. Therefore, dismissal of the petition on grounds of failure to prosecute are justified in this case.

To date, and despite ample opportunity, Petitioner has failed respond to the Order to Show Cause issued on October 1, 2024. Accordingly, this case is DISMISSED for failure to prosecute. The Clerk of Court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.